UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| LESLIE A. GOLLIDAY, | ) |
|         Plaintiff, | ) Case No. 1:09-cv-526 |
| v. | ) Honorable Robert Holmes Bell |
| FIRST DIRECT MORTGAGE CO., INC., et al., | ) **REPORT AND RECOMMENDATION** |
|         Defendants. | ) |

       This is a civil action brought by a *pro se* plaintiff arising from a mortgage transaction that he and his wife entered into in December of 2005. Plaintiff's *pro se* complaint and attachments indicate that on December 10, 2005, plaintiff Leslie Andre Golliday and his wife Pamela D. Golliday executed two mortgages in favor of First Direct Mortgage, Inc., a California corporation, to secure promissory notes in the amount of $360,000.00 and $90,000.00. The mortgages encumbered Mr. and Mrs. Golliday's residence, located in Benton Harbor, Michigan. The complaint attempts to state claims under the federal Truth-in-Lending Act (TILA), 15 U.S.C. § 1601, *et seq.*, the federal Real Estate Settlement Procedures Act of 1974 (RESPA), 12 U.S.C. § 2601, *et seq.*, and implementing regulations. Plaintiff seeks rescission of the mortgage transaction because of alleged violations of TILA disclosure requirements, reimbursement for all fees and costs paid, as allowed by TILA, damages for violation of RESPA, and cancellation of the security interest in real property created by the mortgage.

The court has granted plaintiff leave to proceed *in forma pauperis*, in light of his indigence. Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). In addition to determining whether a complaint is frivolous or fails to state a claim upon which relief can be granted, the court may dismiss on the basis of the running of the statute of limitations, when this defect is apparent on the face of the complaint. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008); *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

Judge Robert Holmes Bell has referred this matter to me for pretrial management and for the issuance of a report and recommendation on all dispositive matters. After undertaking review of the complaint under 28 U.S.C. § 1915(e)(2), I find that plaintiff's attempt to challenge the 2005 mortgage transaction is clearly barred by the applicable statutes of limitations.

**Discussion**

**1.      TILA Claims**

Plaintiff brings a number of claims under the Truth-In-Lending Act (TILA). Congress enacted TILA in 1968 for the broad purpose of promoting the informed use of credit, by assuring meaningful disclosure of credit terms to consumers. *See Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 559 (1980). Plaintiff makes a number of claims under TILA, as well as Regulation Z, 12 C.F.R. § 226.1, *et seq.*, a regulation promulgated by the Federal Reserve Board to implement TILA. In general, Regulation Z prescribes the form in which a creditor must disclose the items required by

the statute. In addition to requiring clear disclosure of the basic terms and conditions of any financing transaction, TILA and Regulation Z require that consumer credit transactions that purport to create a security interest in the debtor's principal dwelling must offer a right to rescind the transaction for three business days and must conspicuously disclose the existence of this right. 15 U.S.C. § 1635(a). Regulation Z requires that a creditor deliver two copies of the notice of the right to rescind to each consumer. 12 C.F.R. § 226.23(b)(1). Among other things, plaintiff alleges that he did not receive the requisite two copies of the notice informing him of his rescission right. In such circumstances, TILA and Regulation Z extend the right to rescind from three days to three years, unless the property has been sold or all the consumer's interest in the property has been transferred. 15 U.S.C. § 1635(f); 12 C.F.R. § 226.23(a)(3). Claims for damages under TILA are subject to a one-year statute of limitation, created by 15 U.S.C. § 1640(e). The one-year period runs from the "date of the occurrence of the violation." *Id.* The Sixth Circuit has held that the two statutes of limitations are independent, and that a party may seek rescission under the three-year limitations provision, even though the one-year period for damages has run. *See McCoy v. Harriman Utility Bd.*, 790 F.2d 493, 496 (6th Cir. 1986).

Plaintiff's complaint under TILA sets forth both rescission claims and claims for damages. The complaint alleges that plaintiff submitted the original application for a mortgage in about October of 2005. (Compl. ¶ 13 and Ex. 1 thereto). The transaction was closed with documents signed on or about December 10, 2005, resulting in a consolidation and refinancing of a previous mortgage covering the same real property. Plaintiff and his wife borrowed $450,000.00 from First Direct Mortgage Co., evidenced by a promissory note for $360,000.00 and a second note for $90,000.00. (*Id.*, Ex. 2). Each note was secured by a mortgage. (*Id.*, ¶ 13 and Ex. 3). Plaintiff

alleges that he did not receive the required notice of his right to rescind under TILA. (*Id.*, ¶ 17).[1]
Plaintiff further alleges that he has a "continuing right" to rescind the transaction until the third business day after receiving the proper notice of his right to rescind and all other material disclosures, and on that basis presumes that this three-day right has not yet begun to run. (*Id.*, ¶ 24).

Plaintiff is mistaken. The time limit for exercise of the right to rescind is expressly created by statute:

> An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, *notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor*. . . .

15 U.S.C. § 1635(f) (emphasis added). The statute creates an exception where an agency empowered to enforce TILA institutes a proceeding within the requisite three-year period, but that exception does not apply to the present case. Plaintiff is correct that borrowers who never receive the "right to rescind" forms required by TILA and Regulation Z have a continuing right to rescind, but this right is subject to the three-year statute of limitations. *See Stone v. Mehlberg*, 728 F. Supp. 1341, 1347 (W.D. Mich. 1989). By the plain terms of section 1635(f), the three-year period begins to run on the date of the transaction, regardless of the fact that the proper disclosures were not made. The three-year limitations period therefore accrued on December 10, 2005, when the mortgage was executed. *See King v. State of California*, 784 F.2d 910, 914 (9th Cir. 1986). It expired three years later, on December 10, 2008. Plaintiff did not initiate this action until June 10, 2009. Plaintiff's complaint,

---

[1] Exhibit 7 to the complaint appears to be eight copies of a TILA "Notice of Right to Cancel," two copies for each debtor on each of two mortgage transactions. Plaintiff does not explain why these notices would not satisfy the requirements of section 1635(a) of TILA. For present purposes, I assume that these facially proper notices have some defect that would trigger rights under TILA.

although lengthy, does not allege that he exercised his right of rescission at any time before the expiration of the three-year statute of limitations. Consequently, all claims for rescission under TILA are time-barred.[2]

In addition to seeking rescission arising from alleged nondisclosure, plaintiff seeks an award of damages for TILA violations. Section 1640(a) of TILA provides for two types of damage awards: statutory damages and actual damages. *See United States v. Petroff-Kline*, 557 F.3d 285, 296 (6th Cir. 2009). Both types of damage awards, however, are subject to the statute of limitations created by section 1640(e), which provides that damage claims must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). TILA liability arises when the creditor fails to make the required disclosures before consummation of the transaction. *Petroff v. Kline*, 557 F.3d at 296. Thus, consummation occurs when the borrower signs the loan documents and becomes obligated to pay. *Id.* Under these principles, plaintiff's claim for damages arose on December 10, 2005, when he and his wife signed the promissory notes and mortgages. The limitations period therefore expired on December 10, 2006, over two years before plaintiff filed this action.

   2.   **RESPA Claims**

The Real Estate Settlement Procedures Act of 1974 (RESPA) was enacted by Congress to ensure that consumers are provided with greater and more timely information on the nature and costs of the real estate settlement process and are protected from unnecessary high settlement charges caused by certain abusive practices. *See* 12 U.S.C. § 2601. In furtherance of this

---

[2] For purposes of this report and recommendation, I will ignore any deficiency arising from the fact that only plaintiff, and not his wife, is attempting to rescind.

policy, RESPA requires that in connection with the closing of federally regulated mortgage loans, the lender disclose to the borrower certain required information. *See* 12 U.S.C. § 2605(a). The complaint alleges that defendants failed to make a number of required disclosures, in violation of RESPA and Regulation X.

The limitations period for RESPA claims is created by 12 U.S.C. § 2614. For violations of the disclosure requirements of section 2605, the limitations period is three years. For violation of sections 2607 or 2608, the limitations period is one year. Both periods are measured from the "occurrence of the violation." 12 U.S.C. § 2614.

Plaintiff's *pro se* complaint clearly asserts violations of the disclosure requirements of section 2605 of RESPA. These claims are subject to the three-year statute of limitations. It is unclear whether plaintiff is also asserting claims under section 2607 (which generally prohibits certain kickbacks and unearned fees) or section 2608 (prohibiting any requirement that title insurance be purchased from any particular title company). Those claims would be subject to the one-year statute. In either event, the time in which plaintiff can raise any RESPA claim arising from the December 10, 2005 transaction has long expired. In the absence of grounds for equitable tolling, which do not appear anywhere in the record, plaintiff's RESPA claims are time-barred. *See Egerer v. Woodland Realty, Inc.*, 556 F.3d 415 (6th Cir. 2009).

**Recommended Disposition**

Upon review of the complaint and all attachments, I conclude that plaintiff's claims under TILA and RESPA are clearly time-barred and therefore recommend that the complaint be dismissed with prejudice under 28 U.S.C. § 1915(e)(2).


Dated:   June 15, 2009             /s/  Joseph G. Scoville
                                   United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).