UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LESLIE A. GOLLIDAY,

    Plaintiff,

v.

FIRST DIRECT MORTGAGE CO., INC.,
et al.,

    Defendants.

File No. 1:09-CV-526

HON. ROBERT HOLMES BELL

## **O P I N I O N**

This matter comes before the Court on Plaintiff Leslie A. Golliday's objections to the Magistrate Judge's Report and Recommendation ("R&R"). (Dkt. No. 6, Objections.) The Magistrate Judge recommended that Plaintiff's complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2) because Plaintiff's claims under TILA and RESPA are clearly time-barred. (Dkt. No. 5, R&R.)

This Court is required to make a *de novo* determination of those portions of the R&R to which objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Plaintiff's complaint seeks rescission of a December 10, 2005, mortgage transaction because of alleged violations of the Truth-in-Lending Act (TILA), 15 U.S.C. § 1601, *et seq.*,

and the Real Estate Settlement Procedures Act of 1974 (RESPA), 12 U.S. C. § 2601, *et seq*. The Magistrate Judge determined that Plaintiff's claims were time-barred under the three-year limitations period for rescission actions under TILA, 15 U.S.C. § 1635(f); the one-year limitations period for damages actions under TILA, 15 U.S.C. § 1640(e); the three-year limitations period for violations of the RESPA disclosure requirements, 12 U.S.C. § 2614; and the one-year limitations period for violations of §§ 2607 or 2608 of RESPA, 12 U.S.C. § 2614.

Plaintiff has raised two primary objections to the R&R. First, Plaintiff objects to the Magistrate Judge's determination that Plaintiff failed to allege that he exercised his right of rescission at any time before the expiration of the three-year statute of limitations. Plaintiff contends that, contrary to the Magistrate Judge's statement, he did in fact allege that his action was one "to enforce a rescission," and he alleged that he exercised his right of rescission. (Compl. ¶¶ 1, 36, 38, 40). Plaintiff has also submitted a copy of Exhibit N, an exhibit that Plaintiff referenced in paragraph 36 of his complaint, but that he "inadvertently" failed to file with the complaint.

Plaintiff's objection is without merit. The R&R correctly found that Plaintiff failed to allege that he exercised his right of rescission within the limitations period. Plaintiff's complaint references an attempt to rescind, but it does not reference when that attempt was made.

Plaintiff requests the Court to consider exhibits that were not attached to his complaint. (Dkt. No. 6, Pl.'s Objs., Ex. A, B, C, N, N-1, N-2, T, U, V, X, Z.) These exhibits are not properly before this Court. Because Plaintiff filed his complaint *in forma pauperis*, his complaint is subject to preliminary review and is subject to dismissal if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Section 1915(e)(2) requires dismissal of the complaint and prevents the Court from allowing a plaintiff to amend his complaint to defeat dismissal. *See* 28 U.S.C. § 1915(e)(2) (providing that the court "shall dismiss the case"); *Honiz v. Hines*, 92 F. App'x 208, 212 (6th Cir. 2004) (unpublished) ("[A] district court may not permit a plaintiff to amend his complaint to defeat dismissal under 28 U.S.C. § 1915(e)(2)."). *See also Chase Manhattan Mortgage Corp. v. Smith*, 507 F.3d 910, 915 (6th Cir. 2007) ("Section 1915(e)(2)(B)(i) requires a court to dismiss any *in forma pauperis* action that it determines to be frivolous.").

In any event, even if the Court were to consider Plaintiff's new exhibits, these exhibits would not save Plaintiff's complaint from dismissal. Exhibit N is not a notice of rescission. Moreover, it is dated June 22, 2009, which is outside of the three-year rescission period. Exhibit N-2 is entitled Demand Letter and Recission [sic] Notice." Although this document arguably qualifies as a notice of rescission, it is dated December 12, 2008, which is outside of the three-year rescission period. Exhibit N-1 is entitled "Qualified Written Request, Complaint, Dispute of Debt and Validation of Debt Letter, TILA Request." It is dated September 6, 2008, which is within the three-year rescission period. Nevertheless, this

3

document does not qualify as a notice of rescission because it does not give clear notice of Plaintiff's intent to rescind.

Although a notice of rescission does not need to follow any particular form or include any particular language, it must give clear notice of the consumer's intention to rescind. "The clear intention of the statute and regulations are to make sure that the creditor gets notice of plaintiffs' consumer intention to rescind." *Arnold v. W.D.L. Investments, Inc.*, 703 F.2d 848, 850 (9th Cir. 1983). The TILA regulations provide that rescission is automatic upon the consumer's notice. 12 CFR § 226.23(d)(1) ("When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charge."). Because rescission is automatic upon notification, notification must be clear, and cannot be conditional. *Williams v. Homestake Mortgage Co.*, 968 F.2d 1137, 1142 (11th Cir. 1992).

Plaintiff's Exhibit N-1 is a 20-page letter. The title of the letter does not mention rescission or cancellation. Indeed, Plaintiff describes the purpose of the letter as follows: "This letter is a 'qualified written request' in compliance with and under the Real Estate Settlement Procedures Act, 12 U.S.C. Section 2605(e)." The cited statutory section addresses a loan servicer's duty to respond to borrower inquiries. It does not address rescission. Plaintiff contends that his intent to rescind can be found in the "Default Provisions under this Qualified Written Request," starting on page 18 of the letter. The Default Provisions are Plaintiff's unilateral assertions of what Washington Mutual agrees to

4

in the event it does not answer Plaintiff's RESPA request. The default provisions do not clearly express an intent to rescind. At best, they can be read as a conditional notice of rescission, conditioned on a lack of response to the inquiries. Such a conditional notice does not satisfy the requirements of a notice of rescission. *Williams*, 968 F.2d at 1142.

Plaintiff's second primary objection is to the R&R's failure to address the statute of limitations that would apply to a rescission claim premised on fraud and falsified documents. Plaintiff notes that he alleged in his complaint that "Whereas, the loan was obtained by such false documents submitted without the Plaintiff's knowledge the loan is rescindable on these grounds." (Dkt. No. 1, 14.)

In federal court a complaint generally passes the requirements of notice pleading if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Baxter v. Rose*, 305 F.3d 486, 490 (6th Cir. 2002). However, a party must "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).

Plaintiff has not stated a fraud claim with particularity. Although the Court holds "pleadings filed by a *pro se* litigant 'to less stringent standards than formal pleadings drafted by lawyers,'" *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)), the Court is not willing to abrogate basic pleading essentials in pro se suits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court is not required to conjure up allegations where the pleadings are inadequate. *Scheid v. Fanny Farmer Candy*

*Shops*, 859 F.2d 434, 437 (6th Cir.1988). Although the Court reads Plaintiff complaint liberally, Plaintiff's complaint simply does not set forth a cause of action for fraud.

In support of his fraud claim, Plaintiff requests the Court to consider additional documents, Exhibits A & B, that are attached to his objections. As noted above, the court cannot consider these documents because a plaintiff cannot amend his complaint to defeat dismissal under § 1915(e)(2). Moreover, even if the Court were to consider the documents, they do not state with particularity the circumstances constituting fraud. Section 1915(e)(2)(B)(i) requires a court to dismiss any in forma pauperis action that it determines to be frivolous.

Plaintiff's remaining arguments do not challenge the R&R's finding that his complaint is not timely and do not provide a basis for setting aside the R&R. Accordingly, the court will adopt the R&R and dismiss Plaintiff's complaint pursuant to § 1915(e)(2).

An order consistent with this opinion will be entered.


Dated: <u>December 29, 2009</u>              <u>/s/ Robert Holmes Bell         </u>
                                              ROBERT HOLMES BELL
                                              UNITED STATES DISTRICT JUDGE